**FARAH LAW, P.C.**
Neda Farah (State Bar No. 269819)
265 S. Doheny Drive
Suite 102
Beverly Hills, California 90211
Telephone: 310-666-3786
Facsimile: 775-261-1726
E-Mail: neda@nedafarahlaw.com
*Attorney for the Plaintiff*

### UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA PASLAY,<br><br>      Plaintiff,<br><br>   v.<br><br>USCB, INC.,<br><br>      Defendant. | Case No.  3:21-cv-05521<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET SEQ.**<br><br>**2. VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §227 ET SEQ.**<br><br>**3. VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 ET SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

### COMPLAINT

   NOW COMES Plaintiff, LAURA PASLAY ("Plaintiff"), by and through her attorneys, complaining as to the conduct of USCB, INC. ("Defendant") as follows:

### NATURE OF THE ACTION

   1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. § 1692 *et seq.,* the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. § 227 *et seq.* and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") pursuant to Cal. Civ. Code §1788 *et seq.*, for Defendant's unlawful conduct.

1

**JURISDICTION AND VENUE**

2. This action arises under and is brought pursuant to the FDCPA and TCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1692, 47 U.S.C. §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant transacts business in the Northern District of California and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of California.

**PARTIES**

4. Plaintiff is a disabled consumer over-the-age of 18, residing in Lake County, California, which is located within the Northern District of California.

5. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

6. Defendant is a third-party debt collector "providing ARM outsourcing services and revenue cycle management solutions to large health systems, hospitals, academic university medical centers, pharmacies, physician groups and foundations."[1] Defendant is a corporation organized under the laws of the State of California, with its principal place of business, and registered agent – Pedro Guijarro, located at 355 South Grand Avenue, Suite 3200, Los Angeles, California 90071. Defendant regularly collects upon consumers located within the State of California.

7. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

---

[1] https://uscbamerica.com/history/

2

9. The instant action stems from Defendant's attempts to collect upon past due medical bills that Plaintiff purportedly defaulted on ("subject debt").

10. Plaintiff suffers from a variety of medical and physical ailments, and has been deemed disabled.

11. As a result, Plaintiff has been rendered unable to work, which has inherently caused many of Plaintiff's financial obligations to go into default, including the subject debt.

12. Upon information and belief, after the subject debt was in default, it was assigned to Defendant, a third-party, for collection purposes.

13. In early 2021, Plaintiff began receiving calls to her cellular phone, (707) 350-2012, from Defendant.

14. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -2012. Plaintiff is and always has been financially responsible for the cellular phone and its services.

15. Defendant has used a variety of phone numbers when placing calls to Plaintiff's cellular phone, including but not limited to (888) 830-5806.

16. Upon information and belief, the aforementioned phone number ending in -5806 is regularly utilized by Defendant during its debt collection activities.

17. Upon speaking with Defendant, Plaintiff was informed that Defendant was seeking to collect upon the subject debt.

18. When Plaintiff does not answer Defendant's phone calls, Defendant will leave a pre-recorded message requesting that Plaintiff return its calls.

19. Plaintiff informed Defendant that she is disabled and has limited financial resources, as she is unable to work.

3

20. Rather than being mindful of Plaintiff's condition and financial situation, Defendant's representatives continued placing systematic phone calls, and persisted with their coercive attempts at extracting payment from Plaintiff.

21. Aggravated over Defendant's harassing contacts, Plaintiff demanded that Defendant stop contacting her.

22. One of these conversations occurred on or about June 8, 2021.

23. In spite of Plaintiff's demands, Defendant has willfully continued to place phone calls to Plaintiff's cellular phone through the filing of this action.

24. Defendant has also placed multiple calls to Plaintiff's cellular phone during the same day.

25. Seeing no end to Defendant's harassing conduct, Plaintiff was forced to hire counsel and her damages therefore include reasonable attorneys' fees incurred in prosecuting this action.

26. Due to Defendant's conduct, Plaintiff is entitled to statutory damages, punitive damages and all other appropriate measures to punish and deter Defendant and other collectors from engaging in the unlawful collection practices described in this Complaint, *supra*.

27. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

28. Plaintiff has suffered additional concrete harm as a result of Defendant's actions, including but not limited to: exacerbation of her physical and medical ailments, loss of sleep, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, and increased usage of her telephone and services.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

29. Plaintiff repeats and realleges paragraphs 1 through 28 as though full set forth herein.

30. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

31. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

32. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. Defendant has also been a member of the Association of Credit and Collection Professionals ("ACA") since 2007.[2]

33. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    **a. Violations of the FDCPA, §1692c(a)(1) and d**

34. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

35. Defendant violated §1692c(a)(1), d, and d(5) when it continuously called Plaintiff after being notified to stop calling.  Despite Plaintiff's explicit requests, Defendant continued to place systematic phone calls to Plaintiff's cellular phones regardless, with the hopes that the sustained pressure would cause Plaintiff to succumb to Defendant's efforts and remit payment.  This repeated behavior of systematically and knowingly calling Plaintiff's cellular phone, in spite of her demands, was harassing and abusive.  The frequency and volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing her.

36. Defendant was notified by Plaintiff that its calls were not welcomed and that she was feeling harassed.  As such, Defendant knew that its conduct was inconvenient and harassing to Plaintiff.

---

[2] http://www.acainternational.org/search#memberdirectory

     **b.  Violations of FDCPA, § 1692e**

37. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

38. In addition, this section enumerates specific violations, such as:

39. "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. §1692e(10).

40. Defendant violated §1692e and e(10) when it used false and deceptive means to collect and/or attempt to collect the subject debt.  Even though Plaintiff notified Defendant to stop calling, Defendant blatantly ignored Plaintiff's wishes and deceptively continued to place systematic calls to her cellular phone.

     **c.  Violations of FDCPA, § 1692f**

41. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

42. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on the subject debt by continuously calling Plaintiff numerous times after being told to stop calling. Attempting to coerce Plaintiff into payment by placing voluminous phone calls after receiving this information is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

43. As pled in paragraphs 25 through 28, supra, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, LAURA PASLAY, respectfully requests that this Honorable Court enter judgment in her favor as follows:

   a.  Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

44. Plaintiff repeats and realleges paragraphs 1 through 43 as though fully set forth herein.

45. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") *or* an artificial *or* pre-recorded messages without their consent.

46. Defendant used pre-recorded messages when placing calls to Plaintiff's cellular phone. Defendant left a number of pre-recorded voice messages on Plaintiff's cellular phone, prompting her to return Defendant's calls.

47. Defendant violated the TCPA by placing at least 10 phone calls to Plaintiff's cellular phone using pre-recorded messages without her consent. Any consent that Plaintiff may have given to Defendant by virtue of incurring the subject debt was explicitly revoked by Plaintiff's demands that it cease contacting her.

48. The calls placed by Defendant to Plaintiff were regarding collection activity and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

49. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call.  Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, LAURA PASLAY, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT III – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

50. Plaintiff restates and realleges paragraphs 1 through 49 as though fully set forth herein.

51. Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

52. The subject debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

53. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

**a. Violations of RFDCPA § 1788.17**

54. The RFDCPA, pursuant to Cal. Civ. Code § 1788.17 states that "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j [of the Fair Debt Collection Practices Act ("FDCPA")], inclusive of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

**i. Violations of the FDCPA §1692c and §1692d**

55. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in

connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

56. Defendant violated §1692c(a)(1), d and d(5) when it repeatedly called Plaintiff after being notified to stop. Defendant's behavior of systematically calling Plaintiff's phone on a daily basis, including multiple times during the same day, in spite of Plaintiff's demands that Defendant cease doing so, was harassing and abusive. The frequency and nature of the calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing her.

57. Defendant was notified by Plaintiff that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient and harassing to Plaintiff.

### ii. Violations of the FDCPA § 1692e

58. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

59. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

60. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. In spite of the fact that Plaintiff informed Defendant of her physical and financial hardships, as well as Plaintiff's demands that it stop calling her, Defendant continued with its onslaught of collection calls, including the placement of multiple calls during the same day. Defendant engaged in this behavior in a deceptive attempt to force Plaintiff to answer its calls and ultimately make a payment. Through its conduct, Defendant misleadingly represented

to Plaintiff that it had the legal ability to contact her after Plaintiff notified Defendant to cease contacting her.

### iii. Violations of FDCPA § 1692f

61. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

62. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by repeatedly calling Plaintiff after being notified to stop. Attempting to coerce Plaintiff into payment by placing voluminous automated phone calls without her permission is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

63. Defendant willfully and knowingly violated the RFDCPA. Defendant was aware that Plaintiff did not wish to be contacted, but yet, it continued to bombard Plaintiff with automated phone calls demanding payment for the subject debt. Defendant's willful and knowing violations of the RFDCPA should trigger this Honorable Court's ability to award Plaintiff statutory damages of up to $1,000.00, as provided under Cal. Civ. Code § 1788.30(b).

64. As plead in paragraphs 25 through 28, *supra*, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, LAURA PASLAY, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Award Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

c. Award Plaintiff statutory damages up to $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);

d. Award Plaintiff costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c);

e. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

f. Award any other relief as the Honorable Court deems just and proper.

Dated: July 19, 2021                    Respectfully submitted,

By: */s/ Neda Farah*
Neda Farah, Esq.
**FARAH LAW, P.C.**
265 S. Doheny Drive
Suite 102
Beverly Hills, California 90211
Telephone: 310-666-3786
Facsimile: 775-261-1726
E-Mail: neda@nedafarahlaw.com